UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-00088 GEB-AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This matter is before the court on defendant's motion to dismiss, ECF No. 5, which came on for hearing before the undersigned on May 11, 2016. Plaintiff Gonzalo R. Rubang appeared on his own behalf, and Bobbie Montoya appeared on behalf of the United States. On review of the motion, the documents filed in support and opposition, and upon hearing the argument of plaintiff and counsel, THE COURT FINDS AS FOLLOWS:

BACKGROUND

　　　　Plaintiff filed his pro se Complaint in Yuba County Superior Court on December 15, 2015, alleging claims against the United States Patent Office ("USPTO") and both present and ex-employees of that Agency. On January 14, 2016, the United States removed the action to this Court and substituted itself as the sole Defendant in the action. ECF No. 1. That removal was

1

1 proper because the action is brought against an agency of the United States and its employees.
2 Removal is expressly allowed under 28 U.S.C. § 1442(a) when defendants are ex- or present
3 employees of the USPTO and the Agency itself.  In such a case, once the Attorney General
4 certifies the employment of individual defendants, the only proper party is the United States.  28
5 U.S.C. § 28 U.S.C. section 2679(d)(1).  The Attorney General has so certified here.  ECF No. 1-3.
6       On March 7, 2016, The United States moved to dismiss the action on several grounds:  (1)
7 lack of jurisdiction; (2) failure to exhaust required administrative remedies pursuant to the Federal
8 Tort Claims Act; (3) failure to state a claim insofar as there is insufficient factual substance to
9 permit an Answer as required by Federal Rule of Civil Procedure 8; and (4) service of the
10 complaint was not perfected.  ECF No. 5.  After Opposition and Reply briefs were filed, ECF No.
11 6, 8, a hearing on the Motion on was held on May 10, 2016.  The Court will now recommend that
12 the complaint be dismissed with partial leave to amend.
13       The complaint, ECF No. 1-1, contains few facts and does not clearly specify causes of
14 action.  It is clear, however, that plaintiff seeks redress for the allegedly wrongful denial of a
15 patent application.  He appears to seek damages in the amount of $3,000,000 for "intentional
16 negligence," fraud, violation of intellectual property rights, and/or unfair business practices by the
17 USPTO and its named employees in denying that patent.  ECF No. 1-1 at 3.  Construed liberally,
18 the complaint may also seek an Order directing the USPTO to issue the patent which has been
19 denied.

20 MOTION TO DISMISS
21   I.     <u>Standards</u>
22     A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>
23       Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by
24 motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific
25 claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction,
26 that party contends that the allegations of jurisdiction contained in the complaint are insufficient
27 on their face to demonstrate the existence of jurisdiction.  <u>Safe Air for Everyone v. Meyer</u>, 373
28 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of

1 the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege
2 an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist.
3 No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1
4 (9th Cir. 2001).  Nonetheless, district courts may review evidence beyond the complaint without
5 converting the motion to dismiss into a motion for summary judgment when resolving a facial
6 attack.  Safe Air for Everyone, 373 F.3d at 1039.

       B.       Federal Rule of Civil Procedure 12(b)(6)

8        The purpose of a Motion to Dismiss under Rule 12(b)(6) is to challenge the legal
9 sufficiency of the Complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9thCir.
10 1983).  Dismissal under this Rule can be based on Plaintiff's failure to state a legal theory for his
11 Complaint or because he failed to state sufficient facts under the legal theory upon which he
12 relies.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13        To survive a Motion under this Rule, Plaintiff's Complaint must do more than just recite
14 the elements of a cause of action.  He must state facts that make his right to relief under his theory
15 more than speculative.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is
16 insufficient for the Complaint to contain facts that "merely create[] a suspicion" that the Plaintiff
17 might have a recognized legal theory for his action.  Id.  Thus, the Complaint "must contain
18 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."
19 Ashcroft v. Iqbal, 556 U.S. 772, 678 (2009) quoting Twombly, 550 U.S. at 570.  That
20 "plausibility" is established if the facts pleaded allow the court to "draw the reasonable inference
21 that the defendant is liable for the misconduct alleged."  Id.

22        In reviewing a complaint under this standard, the court "must accept as true all of the
23 factual allegations contained in the complaint," apply those allegations in the light most favorable
24 to the Plaintiff, and resolve all doubts in the Plaintiffs' favor.  See Erickson v. Pardus, 551 U.S.
25 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th
26 Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir.
27 2010).  However, the court need not accept as true, legal conclusions written in the form of
28 factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

1  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); In reviewing a complaint
2  under this standard, the court "must accept as true all of the factual allegations contained in the
3  complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiffs' favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v.
5  Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131
6  S. Ct. 3055 (2011).  However, the court need not accept as true, legal conclusions cast in the form
7  of factual allegations, or allegations that contradict matters properly subject to judicial notice.
8  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden
9  State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).
10       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
11  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
12  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
13  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
14  2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
15  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
16  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    II.     Subject Matter Jurisdiction

        A.  Plaintiff's Damages Claim(s)

           1.  Sovereign Immunity

20       The doctrine of sovereign immunity shields the United States from suit unless the
21  government has consented to be sued.  United States v. Sherwood, 312 U.S. 584, 586 (1941).
22  Such consent is called a "waiver" of sovereign immunity.  There can be no right to money
23  damages from the United States without a waiver of sovereign immunity.  United States v.
24  Testan, 424 U.S. 392, 400 (1983).  Waiver is a prerequisite for jurisdiction, which means the
25  court's authority to consider a case.  United States v. Mitchell, 463 U.S. 206 (1983).  Unless there
26  has been a waiver of sovereign immunity, an action for damages against the United States
27  therefore must be dismissed.  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).
28  The party bringing claims against the United States has the burden of showing a waiver of

1  immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

2  The Federal Tort Claims Act (FTCA) gives the federal district courts "exclusive
3  jurisdiction over claims against the United States for 'injury or loss of property, or personal injury
4  or death caused by the negligent or wrongful act or omission' of a federal employee 'acting
5  within the scope of his office or employment.'" Millbrook v. United States, 133 S. Ct. 1441,
6  1442 (2013) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA operates as a waiver of the United
7  States' sovereign immunity for certain claims for damages. Id. at 1444. To the extent that
8  plaintiff intends to pursue damages claims for negligence and/or fraud, such claims would arise
9  under the FTCA.[1] Accordingly, plaintiff must satisfy the jurisdictional prerequisites of the FTCA
10 if he wishes to pursue such claims.

11     2.   Administrative Exhaustion Under the FTCA

12 The FTCA provides as follows:

13 > An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing** and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

19 28 U.S.C. § 2675(a) (emphasis added).

20 Under this provision, plaintiff may not pursue a claim for damages in court unless and
21 until he has first presented it to the appropriate federal agency, and that agency has either
22 affirmatively denied the claim or failed to act upon it within six months. This mandatory process
23 is called "exhaustion." The absence of exhaustion results in a jurisdictional defect. Vacek v. U.S.
24 Postal Service, 447 F.3d 1248, 1250 (9th Cir. 1998). If a claim otherwise authorized by the
25 ////

---

[1] The FTCA waives sovereign immunity only for types of civil claims that are legally classified as torts. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011). Not all tort claims are permitted. For example, with exceptions not relevant here, the FTCA excludes intentional torts from its waiver of immunity. See Millbrook, 133 S. Ct. at 1443.

1  FTCA is not administratively exhausted, it must be dismissed because the court has no authority

2  to consider it. Id.

3      In order to satisfy the exhaustion requirement:

> [T]he prerequisite administrative claim need not be extensive. The person injured, or his or her personal representative, need only file a brief notice or statement with the relevant federal agency containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded. See Warren v. United States Dep't. of Interior Bureau of Land Mgmt., 724 F.2d 776, 779 (9th Cir. 1984); Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982) ("[A] skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking."). Furthermore, the notice requirement under section 2675 is minimal, and a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court.

12  Goodman v. United States, 298 F.3d 1048, 1954-1055 (9th Cir. 2002).

13      The present complaint does not include facts demonstrating that Plaintiff's tort claims

14  have been administratively exhausted. Because exhaustion is jurisdictional, it is Plaintiff's

15  responsibility to plead such facts if he can honestly do so. Accordingly, the undersigned will

16  recommend that Plaintiff's claim(s) for damages be dismissed with leave to amend. If Plaintiff

17  believes that he has satisfied the exhaustion requirement as specified above through written

18  claims made to the USPTO stating the nature of the wrong done and the compensation he wished

19  to receive to correct that wrong, the amended complaint should explain how and when he did this.

20  Copies of the writing Plaintiff believes to constitute a claim and its denial in writing, or facts

21  demonstrating that six months have elapsed since submission of the claim without final

22  disposition by the agency, should be included so that the court can determine whether it has

23  jurisdiction. If Plaintiff has not exhausted his claims, he may voluntarily dismiss this lawsuit,

24  exhaust his claims administratively, and return to court when his claims are exhausted.

25      A.  Plaintiff's Patent Claim

26      Although it is unclear, plaintiff may be seeking to require the United States Patent Office

27  to issue his patent. This court cannot issue such relief, and lacks jurisdiction to consider such a

28  claim. See Paley v. Wolk, 262 F.Supp. 640, 642 (N.D. Ill. 1965), aff'd 1996 U.S. App. LEXIS

4390 (7th Cir. 1966), cert. denied, 386 U.S. 963 (1967). Lawsuits seeking to compel the issuance of patents must be brought in the District Court for the Eastern District of Virginia. 35 U.S.C. § 145. Alternatively, the denial of a patent may be appealed to the U.S. Court of Appeals for the Federal Circuit. 35 U.S.C. § 141. In either case, however, a patent applicant may not proceed to court until he has completed the appeals process provided by the Patent Trial and Appeal Board. 35 U.S.C. § 134.[2]

Because Congress has granted exclusive jurisdiction over the denial of patents to other courts, plaintiff' putative challenge to the denial of his patent application may not be maintained as part of this action. To the extent that plaintiff has asserted such a claim, it should be denied without leave to amend because amendment would be futile. If plaintiff wishes to directly challenge the denial of his patent application, plaintiff must follow the procedures set forth in the patent laws.

I. Failure to State a Claim

The complaint before the court does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). See generally, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint does not clearly identify its putative causes of action, theory or theories for relief, or what facts support relief. Accordingly, the court is unable to conduct the analysis required under Rule 12(b)(6) (governing dismissal for failure to state a claim).

Because the complaint must be dismissed for the reasons previously explained, and plaintiff may be provided leave to amend claims other than a patent claim, the court will nonetheless briefly address the claims that plaintiff may be attempting to assert.

A. Negligence

To state a claim for negligence, plaintiff must specifically allege that defendant owed him a legal duty, that it breached the duty, and that the breach was the cause of his injuries. See

---

[2] Plaintiff acknowledges that he has not pursued an agency appeal. He apparently considers the fee requirement (which he characterizes as improper solicitation) to be part of the "fraud" against him. ECF No. 6 (Opposition) at 1-2.

Merrill v. Navegar, Inc., 25 Cal.4th 465, 477 (2001).  He must state facts to support each of these elements.  See also Cisneros v. Instant Capital Funding Group, Inc., 263 F.R.D. 595, 605 (E.D.Cal. 2009).  By definition, a negligence claim does not require an intent to injure.[3]

### B. Fraud

The elements of a fraud claim are generally established by state law.  Under California law, as in most jurisdictions, Plaintiff must plead and prove the following: (1) that the defendant made a false representation, concealed facts, or failed to disclose facts that would have resulted in a different outcome with regard to the rights Plaintiff asserted; (2)  that defendant knew the representations were false; (3) that defendant made the false representation with the intent to cause plaintiff to defraud him, i.e., to induce him to rely on them; (4) that plaintiff was justified in his reliance; and (5) that plaintiff was damaged by the course of conduct.  See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).[4]  The pleading requirements for fraud claims are more stringent than the "short and plain statement" required by Federal Rule of Civil Procedure 8.  Federal Rule of Civil Procedure 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud."  Cisneros, supra, 273 F.R.D. at 606-607.  In other words, plaintiff must state who behaved fraudulently, what are the facts regarding the fraud itself, when they occurred, and how they were transmitted, i.e., in a written or oral communication.

### C. "Intellectual Property"

It is unclear whether plaintiff's reference to intellectual property, ECF No. 1-1 at 3, is intended as an independent claim.  "Intellectual property" is a broad legal concept, not a cause of action.  Plaintiff has not identified any legal basis for a claim involving intellectual property rights, so the court cannot evaluate whether such a claim can be maintained against the United States.  If plaintiff intends to bring a claim involving intellectual property rights, he must specify the legal basis for such a claim.

---

[3] Plaintiff's reference to "intentional negligence" is thus a contradiction in terms.  Moreover, as previously noted, the FTCA authorizes certain negligence claims against the United States, but reserves sovereign immunity as to most intentional torts committed by federal officials.  See Millbrook, 133 S. Ct. at 1443.

[4] The court expresses no opinion as to the source of law that would govern plaintiff's fraud claim.

1         D.  "Unfair Business Practice"

2         Plaintiff appears to believe that he is entitled to damages because USPTO officials violated the laws governing fair business practices.  In this regard, at hearing on the motion plaintiff emphasized the defendant's alleged violations of ethics.  Plaintiff has identified no statutory basis for a claim against the USPTO based on unfair business practices, and the court is aware of none.  The court is also unaware of any private right of action based on alleged ethical violations.  However, plaintiffs concerns with fairness in a government forum may implicate due process principles.  Accordingly, the court turns to that issue.

          E.  Due Process

          In light of plaintiff's comments at the hearing, it appears that his primary theory for relief is that he was treated unfairly in the patent application process, and/or that the process itself is corrupt.  This suggests that plaintiff is attempting to frame a due process claim.  To proceed on a claim that the USPTO violated his procedural due process rights, plaintiff must plead and prove that he was denied the opportunity to be heard at a meaningful time and in a meaningful manner before the government took action that deprived him of a right that he was ultimately entitled to, Mathews v. Eldridge, 424 U.S. 319, 333 (1976), or that that the USPTO violated his substantive rights by arbitrarily or oppressively exercising its "power without any reasonable justification in the in the service of a legitimate governmental objective." County of Sacramento v. Lewis, 523 U.S. 833, 845, 846 (1998).  The Complaint now does not, at this time, clearly plead such a claim.

          II.  Amending the Complaint

          Plaintiff is cautioned that any amended complaint must include a short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal theory that entitles him to relief.  This means that plaintiff must identify a specific law giving him the right to sue defendant, and facts describing the conduct that is alleged to have violated the law.  Any amended complaint must also show that the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his allegations are true.  The amended complaint should contain separately numbered, clearly identified claims.

          In addition, the allegations of the amended complaint must be set forth in sequentially

numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Lastly, the court reminds plaintiff that his amended complaint must be filed in this court, not in state court.

III. Service Issues

When the United States is the defendant, service of process must conform to the requirements of Federal Rule of Civil Procedure 4(i).  This rule requires that Plaintiff must do **all** of the following:  (1) deliver a copy of the summons and of the complaint to the United States attorney, his Assistant United States Attorney or his designee or send a copy of these documents by certified or registered mail to the civil process clerk at the United States Attorney's office; (2) send a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and, (3) since the action challenges an order of an agency or officer of the United States, send a copy by registered or certified mail to the agency whose action is being challenged -- here the USPTO.

If the district judge adopts the recommendation to permit amendment of the complaint, plaintiff will be granted the opportunity to perfect service.

CONCLUSION

For the reasons explained above, THE COURT HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss, ECF No. 5, be granted;
2. Plaintiff's putative patent claim (or any claim seeking relief in the form of an order directing the issuance of a patent) be dismissed with prejudice; and
3. That plaintiff be granted leave to amend his other claims as described above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE